UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD LEE LEROY,

              Plaintiff,

v.

TODD DELAIN, C.O. GAMBOA,
ROBERT WEED, RALPH
LEYENDECKER, T. BARTELS,
BRIAN LAURENT, HSU SHERRA,
and HSU KORTNEY,

              Defendants.

Case No. 24-CV-16-JPS

**ORDER**

      Plaintiff Donald Lee Leroy, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On April 5, 2024, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him to file an amended complaint. ECF No. 10. On June 3, 2024, the Court screened Plaintiff's amended complaint, again found that it failed to state a claim, and allowed him the opportunity to file another amended complaint. ECF No. 2. On June 24, 2024, Plaintiff filed a second amended complaint. ECF No. 13. This order screens that complaint.

1.      **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this action against Defendants Sheriff Todd Delain ("Delain"), C.O. Gamboa ("Gamboa"), Robert Weed ("Weed"), Ralph Leyendecker ("Leyendecker"), T. Bartels ("Bartels"), Brian Laurent ("Laurent"), HSU Med Tech Sherra ("Sherra"), and HSU Nurse Kortney

("Kortney"). ECF No. 14 at 1. On November 16, 2023, while detained in Brown County Jail, Sherra knowingly and willfully dispensed another inmate's evening medication to Plaintiff without ascertaining his correct identification. *Id.* at 2. Sherra failed to render medical treatment to counteract adverse reactions to the dispensed medications. *Id.* On November 17, 2023, Plaintiff notified Gamboa of a possible overdose or adverse reaction to the medication. *Id.* Gamboa followed procedure and notified Weed and Leyendecker. *Id.* Leyendecker placed Plaintiff in TLU and failed to render medical attention to Plaintiff until November 29, 2023. *Id.* at 2–3. Plaintiff was accused of abusing medication and subjected to negligence, deliberate indifference, and cruel and unusual punishment. Plaintiff continued to vomit blood and felt nauseous as a result of the wrongly dispensed medication.

Vital Core staff was notified about what happened and they failed to render medical treatment. *Id.* On November 22, 2023, Plaintiff wrote a grievance to Laurent and was denied due to due process being moot. *Id.* Kortney was aware of his symptoms and still did not provide Plaintiff medical treatment to counteract the adverse reaction from the dispensed medications. *Id.* Plaintiff did not receive treatment until November 29, 2023, and he is still experiencing symptoms from the medication. *Id.*

3. **ANALYSIS**

Plaintiff appears to have been a pretrial detainee during the relevant time period. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears

Page 3 of 7
Case 2:24-cv-00016-JPS    Filed 07/29/24    Page 3 of 7    Document 15

the burden to demonstrate objective unreasonableness, and he must make a two-part showing. *Id.* First, he must show that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of her response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment medical claim against Sherra, Gamboa, Weed, Leyendecker, and Kortney. Sherra knowingly gave Plaintiff the wrong medication and refused to provide medical treatment afterwards. Plaintiff's allegations show that he was suffering from an arguably serious medical condition that resulted in vomiting blood for many days and that these defendants failed to provide him medical attention for over a week. At the pleading stage, the Court will allow Plaintiff to proceed against Sherra, Gamboa, Weed, Leyendecker, and Kortney on a Fourteenth Amendment medical claim.

The Court will not, however, allow Plaintiff to proceed against any other defendants. For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d

605, 609 (7th Cir. 2007). Bartels's and Laurent's involvement with Plaintiff's prisoner grievance does not show that they participated in the constitutional deprivation. Plaintiff makes no mention of Sheriff Delain or how he was involved in this incident. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008). As such, the Court will dismiss these defendants for the failure to state a claim against them.

**4. CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment medical treatment claim against Sherra, Gamboa, Weed, Leyendecker, and Kortney.

Accordingly,

**IT IS ORDERED** that Defendants Delain, Bartels, and Laurent be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the second amended complaint and this Order upon Defendants **Sherra, Gamboa, Weed, Leyendecker, and Kortney** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals

Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Sherra, Gamboa, Weed, Leyendecker, and Kortney** shall file a responsive pleading to the second amended complaint; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the second amended complaint, and Plaintiff should strongly consider filing an additional amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.